UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LUIS FIGUEROA,

                Petitioner,

   v.
                                        9:19-CV-0373
                                        (GLS)
VERONICA FERNANDEZ,

                Respondent.
_____

APPEARANCES:                                        OF COUNSEL:

LUIS FIGUEROA
16277-069
Petitioner, pro se
Ray Brook
Federal Correctional Institution
PO Box 900
Ray Brook, NY 12977

GARY L. SHARPE
Senior United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

Petitioner Luis Figueroa filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, as well as a memorandum of law, and various exhibits in support of his petition. Dkt. No. 1 at 1-9, Petition ("Pet."); Dkt. No. 1 at 10-15, Petitioner's Memorandum of Law ("Pet. Memo."); Dkt. No. 1-1, Exhibits ("Ex."). He is confined at the Federal Correctional Institution (FCI) in Ray Brook, New York, and has paid the statutory filing fee. Dkt. No. 4, Text Order of April 4, 2019; Dkt. Entry of April 9, 2019 (indicating receipt number for the paid filing fee).

## II. RELEVANT BACKGROUND

### A. Underlying Criminal Conviction

Petitioner recently filed a habeas petition pursuant to 28 U.S.C. § 2241 in this Court which was dismissed as successive on October 30, 2018. *Figueroa v. Fernandez*, No. 9:18-CV-1024 (LEK/DJS), 2018 WL 5620418 (N.D.N.Y. Oct. 30, 2018). Petitioner's criminal history was previously described in detail. *Id.*, 2018 WL 5620418, at *1. The relevant details are as follows:

> On February 29, 2000, after a trial before the United States District Court for the District of New Jersey, the jury found Petitioner guilty of conspiracy to distribute cocaine. *United States v. Figueroa*, No. 98-CR-105 (D.N.J. March 31, 2003) ("*Figueroa I*"), ECF No. 442. The jury did not make any finding regarding the quantity of cocaine involved in the conspiracy. *Figueroa v. United States*, No. 04-CV-1424 (D.N.J. June 30, 2005) ("*Figueroa II*"), ECF No. 13 at 2.
>
> About four months after the verdict, and before Petitioner was sentenced, the Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi* held that "[o]ther than a fact of a prior conviction, any fact that increases a penalty beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In response to *Apprendi*, the court empaneled a second jury, over the objection of Petitioner's trial counsel . . . , to determine the quantity of cocaine involved in the conspiracy. *Figueroa II*, ECF No. 13 at 3-5. On February 10, 2003, the second jury found that Petitioner participated in a conspiracy to distribute five kilograms or more. *Figueroa I*, ECF No. 602. The finding increased Petitioner's maximum sentence from twenty years to life in prison. 21 U.S.C. § 841(A)(b)(1)(ii) & (C).
>
> . . . On March 27, 2003, Petitioner entered into a plea agreement with the Government in which he agreed to drop his appeal and waive his right to appeal or attack his sentence under 28 U.S.C. § 2255. *Id*. In exchange, the Government agreed to recommend a prison term of 35 years, instead of life, in prison. *Figueroa II*, Dkt. No. 13 at 6. The court accepted the agreement and, on March 31, 2003, sentenced Petitioner to 420 months (35 years) in prison, five years of supervised release, and a $10,000 fine. *Figueroa I*, ECF No. 618. Petitioner has indicated

> he did not appeal his sentence or conviction. *Figueroa v. Meeks*, No. 1:17-CV-284, 2017 WL 9289433, at *1 (D.S.C. Feb. 21, 2017).

*Id.*

### B. Filings in the District of New Jersey

On March 29, 2004, petitioner moved to vacate his judgment under 28 U.S.C. § 2255. *Figueroa II*, Dkt. No. 1. Petitioner argued "that asking a second jury to find him guilty of a greater offense that would have resulted in a life sentence implicated doubly jeopardy," and, specifically, his counsel was ineffective because he "advised [petitioner] to take the plea, stating that there was no merit to a claim of double jeopardy concerning the empanelment of a sentencing jury after *Apprendi*." *Figueroa v. United States*, No. 1:04-CV-1424, 2005 U.S. Dist. LEXIS 48301, at *7-*8 (D.N.J. June 30, 2005) (hereinafter *"Figueroa III"*).

The court denied the motion. It held that petitioner "entered into the plea agreement knowingly and voluntarily, and certainly there would be no miscarriage of justice in enforcing the agreement," and that "[e]ven considering that [petitioner] has mounted this collateral attack by arguing that his plea was not knowing and voluntary because it was the result of ineffective assistance of counsel, the case will [still] be dismissed." *Id.* at *13-14. Further "the court reached the merits and found that [petitioner's counsel's ] failure to re-raise the double jeopardy argument the court had already rejected, and his advice to plead guilty instead of facing life in prison, did not make him ineffective." *Figueroa*, 2018 WL 5620418, at *2 (citing *Figueroa III*, 2005 U.S. Dist. LEXIS 48301, at *14-*15 (internal quotation marks omitted)). On April 27, 2006, the United States Court of Appeals for the Third Circuit denied petitioner's request for a certificate of appealability. *Figueroa II*, Dkt. No. 25.

From 2005 to 2014, Petitioner filed seven motions either for relief

3

> from the judgment or for reconsideration, all of which the court denied. *Id.*, ECF Nos. 17, 27, 29, 33, 39, 45, 54. The Third Circuit denied his requests for certificates of appealability, finding that "jurists of reason would not debate the ... denial[s] of [petitioner's] motion[s]." *Id.*, ECF Nos 44, 59. Petitioner subsequently filed two more notices of appeal, *id.*, ECF Nos. 60, 62, and an amended complaint, *id.*, ECF No. 65. Shortly thereafter, the court directed the clerk not to accept any further filings from Petitioner in the matter. *Id.*, ECF No. 67. It concluded that "Petitioner's claims ha[d] been fully and fairly adjudicated," and that "[h]is continued, frequent filings are inappropriate because the docket is closed." *Id.* "Accordingly, the [c]ourt f[ound] that the . . . Clerk . . . should no longer be burdened by accepting, scanning, and filing submissions that have no legally cognizable purpose." *Id.*

*Figueroa*, 2018 WL 5620418, at *2.

### C. Other Habeas Petitions and Motions Collaterally Attacking Petitioner's Conviction

Petitioner also "filed a petition for a writ of prohibition alleging that the United States District Court for the Eastern District of Pennsylvania improperly handled his criminal proceedings," and requested that the Third Circuit intervene to prevent "enforce[ment of an] illegal judgment obtained through the empaneling of a second jury[.]" *In re Figueroa*, 463 F. App'x 99 (3rd Cir. 2012). The Third Circuit noted that this filing was "the latest of several attempts by [petitioner] to challenge his federal conviction and sentence." *Id.* Petitioner requested the court "restore the verdict of the first jury panel and sentence him accordingly[; however, the court held that a] writ of prohibition [wa]s not the appropriate vehicle for such a remedy or for challenging [petitioner's] sentence." *Id.* Accordingly, the petition was dismissed. *Id.* Petitioner sought a writ of certiorari, which was denied on October 1, 2012. *Figueroa v. U.S. Dist. Court for the E. Dist. of Pa.*, 568 U.S. 925 (2012).

Further, petitioner filed a civil action in the Western District of Virginia, pursuant to 28 U.S.C. § 1331, seeking a declaratory judgment under 28 U.S.C. §§ 2201-2202 for "alleged

4

judicial errors related to his detention under a federal criminal judgment issued by the United States District Court for the District of New Jersey." *Figueroa v. United States*, No. 7:13-CV-0038, 2013 WL 499473, at *1 (W.D.Va. Feb. 8, 2013). Specifically, petitioner asked the court to determine whether dismissal of his section 2255 petition "deprived him of the opportunity to assert that he accepted the waiver in reliance on delinquent representation by counsel," and "whether the plea agreement contained a provision waiving [petitioner's] right to challenge [his] . . . representation . . . during the plea process." *Id.* The court dismissed petitioner's action, holding that

> The Declaratory Judgment Act does not authorize this court to substitute as an appellate court to reexamine the New Jersey district court's judgment in either the criminal proceeding or the § 2255 action. . . . [Petitioner] has already exercised the appropriate remedy by which to seek review of the New Jersey district court's dismissal of his § 2255 claims-by pursuing a direct appeal from that judgment to the Third Circuit. Moreover, it is well established that a request for declaratory judgment in this court is not the proper remedy by which [petitioner] may pursue claims of ineffective assistance related to his guilty plea in the New Jersey district court. . . . To the extent that [petitioner] seeks to raise new claims of ineffective assistance bearing on the validity of his plea agreement, a § 2255 motion in the sentencing court was, and remains, the appropriate vehicle. . . . As this court did not impose the conviction and sentence that [petitioner] wishes to challenge, the court cannot entertain such a § 2255 motion and will not, therefore, construe his current submission as a § 2255 motion.

*Id.*, 2013 WL 499473, at *2 (internal citations omitted).

Petitioner also filed three petitions for habeas corpus pursuant to 28 U.S.C. § 2241. The first two were filed in the District of South Carolina. *See Figueroa v. Meeks*, No. 1:17-CV-284, 2017 WL 9289433 (D.S.C. Feb. 21, 2017); *Figueroa v. Ramirez*, No. 1:12-CV-1965, 2017 WL 9470774 (D.S.C. Aug. 7, 2017). "In his first petition, petitioner unsuccessfully re-raised the double jeopardy argument." *Figueroa*, 2018 WL 5620418, at *2 (citing *Meeks,*

5

2017 WL 9289433, at *2).

Petitioner's second petition argued that he was "being detained . . . without Due Process . . . , pursuant to a judgment and commitment order issued by a court that had no jurisdiction . . . and for a matter which by law no man ought to be punished." *Ramirez*, 2017 WL 9470774, at *2. The court noted that "[a]lthough [p]etitioner alleges he is not challenging his conviction or sentence, his arguments address the underlying validity of his sentence." *Id.* While "[p]etitioner attempts to invoke § 2255's savings clause, arguing his sentence is a void judgment and therefore § 2241 is the proper vehicle to challenge his unlawful restraint . . . [the] argument . . . fails to establish that a § 2255 motion is inadequate or ineffective to test the legality of his detention." *Id.* at *3. Accordingly, the petition was dismissed. *Id. adopted by,* 2017 WL 4349210 (D.S.C. Oct. 2, 2017). The decision was affirmed by the Fourth Circuit, and the Supreme Court denied the petition for writ of certiorari on October 1, 2018. *Figueroa v. Ramirez*, 710 F. App'x 165 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 140 (2018). In its decision, the Supreme Court also noted that petitioner "has repeatedly abused this Court's process, [thus] the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee . . . is paid[.]" *Figueroa*, 139 S. Ct. at 140.

Petitioner's third petition was filed in this Court. *See Fernandez*, 2018 WL 5620418. "Petitioner again assert[ed] that empaneling the second jury and imposing a sentence above twenty years in prison . . . violated the Double Jeopardy Clause," and that his counsel was "constitutionally ineffective for advising him to plead guilty[.]" *Id.* at *4. This Court held that both arguments were "identical to those presented in many previous motions, including his original § 2255 motion, which the District Court of New Jersey rejected and dismissed after

6

considering the merits." *Id.* Moreover, petitioner "d[id] not discuss the evidence before either jury or argue that it was or is insufficient to prove the conspiracy[;]" thus, his contentions of actual innocence were inadequate to constitute the rare circumstances required to award relief. *Id.* Consequently, the Court lacked jurisdiction to provide relief. *Id.*

## III. THE PRESENT PETITION

In his present petition and memorandum of law, petitioner is again plainly challenging his underlying conviction and sentence. Petitioner contends that he is entitled to relief because the District of New Jersey had no jurisdiction to impose the sentence petitioner is presently serving, pursuant to his 1998 cocaine conspiracy charges. Pet. at 2; Pet. Memo. at 10, 12-15.[1]

Petitioner argues that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his conviction because, "if the court lacks the authority to render a judgment, [petitioner] can not be detained by the respondent with the same. Such detention is by the color of authority of the United States and can only be redressed pursuant to 28 USCS 2241." Pet. Memo. at 12.

## IV. DISCUSSION

A federal prisoner may challenge his detention under 28 U.S.C. §§ 2241 and 2255. *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997). Section 2255 is the proper mechanism for prisoners to attack the imposition of a sentence "on the grounds that it was 'imposed in violation of the Constitution.'" *Morales v. United States*, 635 F.3d 39, 42-43 (2d Cir. 2011)

---

[1] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

(quoting 28 U.S.C. § 2255(a)); *Adams*, 372 F.3d at 134. A motion pursuant to section 2255 must be brought in the sentencing court. *See Boumediene v. Bush*, 553 U.S. 723, 775 (2008) (holding that section 2255 directs claims challenging a federal sentence on the ground that it was imposed in violation of the Constitution or laws of the United States "not to the court that had territorial jurisdiction over the place of the petitioner's confinement but to the sentencing court, a court already familiar with the facts of the case."); *Williams v. Winn*, No. 4:05-CV- 4010, 2005 WL 1541099, at *1 (D. Mass. June 30, 2005) ("[As] Section 2255 is the correct vehicle for challenging the legality of a sentence . . . this Court is without jurisdiction under section 2241 to correct petitioner's sentence."). If the motion is denied, a petitioner may seek to appeal the district court's decision in the appropriate court of appeals for the district of sentencing. Rule 11, Rules Governing Section 2255 Proceedings For the United States District Courts); Fed. R. App. P. 4(a) (governing time to take an appeal); Fed. R. App. P. 22 (governing appeals in "Habeas Corpus and Section 2255 Proceedings.").

By contrast, section 2241 is the proper vehicle to challenge the execution of a sentence. *See Adams*, 372 F.3d at 135; 28 U.S.C. § 2241. For example, a petitioner may use a section 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions. *See Cook v. N.Y.S. Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). Petitions filed under section 2241 must name the petitioner's warden as respondent and be filed in the district of the petitioner's confinement. *See* 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 447 (2004).

In rare circumstances, a federal prisoner may challenge the validity of his or her conviction under section 2241 if he or she can show that the remedy under section 2255 is

8

"inadequate or ineffective to test the legality of his [or her] detention."  28 U.S.C. § 2255(e); *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003); *Triestman v. United States*, 124 F.3d 361, 373-74 (2d Cir. 1997).  The Second Circuit discussed this "savings clause" provision at length in *Triestman* and cautioned that its remedy is narrow and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it."  *Triestman*, 124 F.3d at 378 (citations omitted).  Section 2255 is "inadequate or ineffective" only when the failure to allow collateral review would raise serious constitutional questions because the prisoner "(1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[s] of innocence at an earlier time.'"  *Cephas*, 328 F.3d at 104 (quoting *Triestman*, 124 F.3d at 363); see *Adams*, 372 F.3d at 135 (holding that the remedy under section 2255 is "*not* inadequate or ineffective simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition") (emphasis in original); *Triestman*, 124 F.3d at 376 ("If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' . . . then Congress would have accomplished nothing at all in its attempts–through statutes like the AEDPA–to place limits on federal collateral review.").

While this proceeding is allegedly brought pursuant to § 2241, it is actually a § 2255 petition in disguise.  As noted above, petitioner has already filed a habeas petition pursuant to § 2255, in the District of New Jersey, as well as three habeas petitions pursuant to § 2241, two in the District of Southern Carolina, and the third, most recently, in this Court.  In the present petition, petitioner again asserts a challenge to the same criminal conviction

addressed in the four prior habeas petitions. Pet. Memo. at 12-13. Further, he specifically advances a claim about the appropriateness of the District of New Jersey's jurisdiction, the exact same claim which was previously discussed and dismissed in *Ramierez. Compare id.\, with* 2017 WL 9470777, at *2-4. As a result, this petition is second or successive.[2] When a petitioner files a section 2241 petition

> in an attempt to evade § 2255's limits on second or successive petitions, and when the petitioner has already had a prior § 2255 petition dismissed on the merits . . . the district court can treat the § 2241 petition as a second or successive § 2255 petition and refer the petition to [the appropriate Court of Appeals] for certification or, if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, the district court may dismiss the § 2241 petition for lack of jurisdiction.

*Adams*, 372 F.3d at 136 (citations omitted); *see also Cephas*, 328 F.3d at 104 n.5 ("[I]f it concludes that it lacks jurisdiction over a § 2241 petition, a district court always has the option just to dismiss it.").

Moreover, petitioner cannot escape the bar to second or successive petitions and test the validity of his conviction or sentence to pursuant to section 2241. As previously stated, petitioner again recycles the same arguments previously dismissed; thus, the argument was plainly available to petitioner during the course of his first § 2255 petition and was subsequently made during his additional habeas petitions. *See Cephas*, 328 F.3d at 105

---

[2] Ordinarily, when a district court recharacterizes a pro se petitioner's filing "as a first § 2255 motion[,]" the court must "notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 375, 383 (2003). The notice requirements do not apply to federal prisoners, like petitioner, who had one or more prior section 2255 motions dismissed on the merits because petitioner is already subject to the gate keeping provisions that require certification from the appropriate court of appeals before any second or successive motion may be considered by the district court. *See Adams*, 372 F.3d at 136; *Roccisano v. Menifee*, 293 F.3d 51, 58 (2d Cir. 2002).

("where. . . petitioner invokes § 2241 jurisdiction to raise claims that clearly could have been pursued earlier, or where his asserted innocence is plainly belied by the record, then the savings clause of § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted"). Accordingly, the Savings Clause is clearly inapplicable. *See Adams*, 372 F.3d at 135 (denying entitlement to § 2241 where petitioner not only could have raised some of his arguments in prior proceedings, but actually did raise them); *Cephas*, 328 F.3d at 104 (quoting *Triestman*, 124 F.3d at 363).

Further, petitioner advances no other arguments to elevate his case to the rare circumstance the Savings Clause contemplates. Petitioner has provided no allegations or evidence of actual innocence; therefore, he has failed to establish that this exception applies. *See Cephas*, 328 F.3d at 105 (dismissing § 2241 petition for lack of jurisdiction where petitioner has a "patent inability to establish" actual innocence on the record).

In sum, the Court again lacks jurisdiction to entertain petitioner's § 2241 petition because he is not challenging the execution of his sentence and he has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention. *See Cephas*, 328 F.3d at 104; *Triestman*, 124 F.3d at 363, 378. Accordingly, the petition is dismissed.[3]

## V. CONCLUSION

---

[3] For the reasons discussed herein, transferring this action to the Third Circuit would be a permissible disposition; however, the Court declines to transfer the case to the Third Circuit because the petition plainly does not meet the requirements imposed by 28 U.S.C. § 2255(h) for filing a second or successive section 2255 petition. *See* 28 U.S.C. § 2255(h)(1)-(2) (requiring that a "second or successive motion" be certified by the appropriate court of appeals to contain either "newly discovered evidence . . . sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"). Petitioner fails to advance any claims of actual innocence, and, instead, attempts to revive arguments previously utilized by him in other habeas petitions challenging the same criminal conviction. The arguments were rejected. For the reasons stated above, the Court therefore concludes that dismissal of the petition is appropriate.

11

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the petition (Dkt. No. 1) is **DISMISSED** for lack of jurisdiction; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Local Rules of Practice.

April 22, 2019
Albany, New York

Gary L. Sharpe
U.S. District Judge